## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER CANTU, | § | |
| #37143-177, | § | |
| Movant, | § | |
| | § | No. 3:15-CV-3896-K |
| vs. | § | No. 3:07-CR-197-K |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Based on the relevant filings and applicable law, Christopher Cantu's (Movant) *Fed. R. Civ. P. 60(b)(4) Motion for Relief from Void Judgment* (doc. 26) is **CONSTRUED** as a successive petition for a writ of habeas corpus under 28 U.S.C. § 2255 and **DISMISSED** without prejudice. Alternatively, the motion is **DENIED** on the merits.

## I.      BACKGROUND

Movant was convicted by a jury of being a felon in possession of a firearm and sentenced to 284 months' imprisonment, which sentence was enhanced under the Armed Career Criminal Act (ACCA) based on at least two prior violent felony convictions for burglary of a habitation and one prior felony conviction for aggravated robbery with a deadly weapon. *See* Crim. Doc. 59; Crim. Doc. 75 at ¶ 23. His judgment was affirmed on direct appeal, and his first petition for a writ of habeas corpus under 28 U.S.C. § 2255 was denied. *See United States v. Cantu*, 340 F. App'x 186 (5th Cir. 2009); *United States v. Cantu*, No. 3:10-CV-2346-P (N.D. Tex. Jan. 4, 2012), Docs. 9-10. In 2014, the Fifth Circuit dismissed his request for leave to file a second or

successive § 2255 motion.  *See United States v. Cantu*, No. 3:14-CV-2221-P (N.D. Tex. Oct. 14, 2014), Doc. 4.

Movant then filed another § 2255 motion in this action and it was transferred to the Fifth Circuit as a successive petition.  *See* Docs. 1-2, 4.  The Fifth Circuit authorized a successive § 2255 motion as to Movant's argument under *Johnson v. United States*, 576 U.S. 591 (2015), that his aggravated robbery conviction was not a predicate offense for purposes of ACCA.  *See* Doc. 2 at 20-24; Doc. 5 at 2.  The Fifth Circuit denied authorization as to Movant's argument under *Descamps v. United States*, 570 U.S. 254 (2013), that his burglary convictions were not predicate offenses for purposes of ACCA.  *See* Doc. 2 at 4-6, 16-20; Doc. 5 at 2-3.  After the Fifth Circuit's ruling, Movant filed an amended § 2255 motion challenging the use of his burglary convictions and aggravated robbery conviction for ACCA purposes.  *See* Doc. 9.  The Court denied the successive § 2255 motion on March 5, 2018.  *See* Doc. 17.  In 2019, the Fifth Circuit denied a certificate of appealability and the Supreme Court denied a petition for a writ of certiorari.  *See* Docs. 24-25.

By his motion filed approximately four years later, Movant now seeks relief from the judgment under Federal Rule of Civil Procedure 60(b)(4).  *See* Doc. 26.  He asks that the Court "reopen [his] second or successive § 2255 that was denied on March 5, 2018 . . . in order to correct a miscarriage of justice."  *See id.* at 7.

## II.    FED. R. CIV. P. 60(b)(4)

Movant filed his motion for relief from judgment pursuant to Rule 60(b)(4), under which a district court may grant relief from a final judgment where the judgment is void.  *See* Fed. R. Civ. P. 60(b)(4); *F.D.I.C. v. SLE, Inc.*, 722 F.3d 264, 270 (5th Cir. 2013) ("a judgment may be set aside under Rule 60(b)(4) when 'the district court acted in a manner so inconsistent with due process as to render the judgment void.'").

In the habeas context, a motion for relief from judgment that seeks to advance one or more substantive habeas claims, or that attacks a federal court's previous resolution of a claim on its merits, qualifies as a second or successive habeas petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).  A motion that challenges the failure to reach the merits of the habeas petition or challenges a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack, is properly filed under Rule 60(b).  *See Gonzalez*, 545 U.S. at 532 & nn. 4-5; *see also Chase v. Epps*, 74 F. App'x 339, 345 (5th Cir. 2003) ("A Rule 60(b) motion that purports to challenge the denial of a [habeas] petition but actually attacks the underlying criminal conviction may be construed as a successive [habeas] application.").

## III.    ANALYSIS

Here, Movant takes issue with the Court's resolution of his contention that the use of his prior burglary convictions as ACCA predicates violated due process based on

Supreme Court precedent.  *See* Doc. 26 at 3-7.  The Court notes that Movant has challenged the qualification of his prior burglary convictions as predicate offenses under ACCA in various iterations in both direct appeal and collateral review proceedings.  As to the claim at issue in the amended § 2255 motion in this habeas action, the Court understood Movant to be arguing that his burglary convictions were not indivisible under *Mathis v. United States*, 579 U.S. 500 (2016), and therefore were not qualifying ACCA predicates.  *See* Doc. 17 at 3.  It found that the Fifth Circuit had not authorized a successive § 2255 motion for Movant's claim regarding the burglary convictions under *Mathis*, that such a claim did not satisfy the requirements for a successive motion to be authorized, and that even though Movant cited *Johnson* in support of the claim, the burglary convictions were used for ACCA enhancement as generic burglaries, and not under the residual clause at issue in *Johnson*.  *See id.* at 4-5.

Movant contends that he "did not receive an unobstructed procedural shot at exhauting [sic] his BURGLARY CONVICTION'S [sic], under the doctrine of due process pertaining to the residual clause now being deemed unconstitutionally vague." Doc. 26 at 7.  He alleges that the Court "was required to review all of [Movant's] prior conviction's [sic] under the same approach as it did[] in reference to his charge for aggravated robbery[.]" *Id.* at 4.  According to him, he "did not need the Fifth Circuit Court of Appeals to grant authorization to file a successive motion on *Mathis* . . . or *Descamps*" because *Johnson* "created a new rule of constitutional law made retroactive" and Movant had "preserved that right under *Johnson*[.]" *Id.* at 5.  He complains that

"he has been serving an illegal sentence" since the denial of his § 2255 motion in this action.  *Id.* at 6.

Although Movant attempts to characterize his motion in terms of violations of due process rights for purposes of Rule 60(b)(4)—and thereby bypass the limitations on second or successive habeas petitions imposed by the Antiterrorism and Effective Death Penalty Act of 1996—his allegations and the relief he seeks attack the previous resolution on the merits of his claim relating to his burglary ACCA predicates.  It therefore constitutes a successive § 2255 motion in disguise, and the Court **CONSTRUES** is as an unauthorized successive § 2255 motion.  Because the Fifth Circuit has not issued an order authorizing this Court to consider another successive § 2255 motion, and given Movant's history of seeking successive relief under § 2255, the Court **DISMISSES** the successive § 2255 motion for lack of jurisdiction, rather than transferring it.  *See United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015).

Alternatively, even if Movant were able to show that his motion is not another successive § 2255 motion in disguise, he fails to show entitlement to relief under Rule 60(b)(4) because his allegations do not provide any meritorious basis showing that the judgment in this case is void.  Accordingly, to the extent the motion seeks relief under Rule 60(b)(4), the Court **DENIES** it on the merits.

## IV.   CONCLUSION

Movant's *Fed. R. Civ. P. 60(b)(4) Motion for Relief from Void Judgment* (doc. 26) is **CONSTRUED** as a successive petition for a writ of habeas corpus under 28 U.S.C. §

2255 and **DISMISSED** without prejudice to seeking authorization from the Fifth Circuit to file a successive § 2255 motion.  Alternatively, the motion is **DENIED** on the merits.

The Clerk of Court is **INSTRUCTED** to: (1) open for statistical purposes a new habeas corpus action under 28 U.S.C. § 2255; (2) directly assign the new § 2255 action to the same District Judge as in this habeas case; (3) docket a copy of the motion, this order, and any subsequent filing relating to same in the new § 2255 action; and (4) close the new action on the basis of this order.

SO ORDERED.

Signed May 20th, 2024.

Ed Kinkeade
_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE